**Electronically Filed
Intermediate Court of Appeals
30573
31-AUG-2012
08:41 AM**

NOS. 30573 and CAAP-11-0000345

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

NO. 30573
(CIVIL NO. 09-1-0197)

CAREN DIAMOND and BEAU BLAIR,
Plaintiffs-Appellants/Appellees-Cross-Appellees,
v.
CRAIG DOBBIN and WAGNER ENGINEERING SERVICES, INC.,
Defendants-Appellees/Appellants-Cross-Appellees
and
STATE OF HAWAIʻI, BOARD OF LAND AND NATURAL RESOURCES,
Defendant-Appellee/Appellee-Cross-Appellant

and

NO. CAAP-11-0000345
(CIVIL NO. 10-1-0116)

CAREN DIAMOND and BEAU BLAIR,
Plaintiffs-Appellants/Appellees-Cross-Appellees,
v.
CRAIG DOBBIN and WAGNER ENGINEERING SERVICES, INC.,
Defendants-Appellees/Appellants-Cross-Appellees
and
STATE OF HAWAIʻI, BOARD OF LAND AND NATURAL RESOURCES,
Defendant-Appellee/Appellee-Cross-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT

MEMORANDUM OPINION
(By: Foley, Presiding J., Fujise and Leonard, JJ.)

In appellate case number 30573 (30573), Craig Dobbin
(Dobbin) and Wagner Engineering Services, Inc. (WESI)

(collectively, Appellants) appeal from the May 19, 2010 Judgment (2010 Judgment) entered in the Circuit Court of the Fifth Circuit. Judgment was entered in favor of Caren Diamond (Diamond) and Beau Blair (Blair) and against State of Hawai'i Board of Land and Natural Resources (BLNR), Dobbin, and WESI. BLNR cross-appealed from the 2010 Judgment.

In appellate case number CAAP-11-0000345 (CAAP-11-345), Appellants appeal from the March 31, 2011 Judgment (2011 Judgment) also entered in the Circuit Court of the Fifth Circuit[1] (circuit court) in favor of Diamond and Blair and against BLNR, Dobbin, and WESI. BLNR cross-appealed from the 2011 Judgment.

On August 25, 2011, this court consolidated 30573 and CAAP-11-345 for decision.

The circuit court's 2010 Judgment was rendered moot when BLNR filed its "Amended Findings of Fact; Conclusions of Law and Decision and Order" (BLNR Amended D&O) on May 21, 2010. Therefore, we do not address the issues raised in 30573. See Wong v. Bd. of Regents, University of Hawaii, 62 Haw. 391, 394, 616 P.2d 201, 203-04 (1980). See also Application of Thomas, 73 Haw. 223, 225-26, 832 P.2d 253, 254 (1992).

On appeal, Appellants contend the circuit court erred in reversing and vacating the BLNR Amended D&O when

(1) the actions of BLNR were consistent with the statutory authority granted to it;

(2) BLNR's findings of fact were not clearly erroneous in view of the reliable, probative and substantial evidence on the whole record;

(3) BLNR correctly exercised its discretion and committed no error of law; and

(4) the circuit court wrongfully substituted its own judgment on the evidence and ignored BLNR'S determination.

---

[1] The Honorable Kathleen N.A. Watanabe presided over both matters.

2

On cross-appeal, BLNR, contends the circuit court erred when

(1)   it incorrectly applied the standard of review;

(2)   it failed to confine its review to the record on appeal and improperly engaged in fact finding; and

(3)   it found BLNR's interpretation of Hawaii Revised Statutes (HRS) § 205A-1 to be erroneous.

## I.  BACKGROUND

Dobbin is the owner of the property identified as 7310 Alealea Road, on the island of Kaua'i, also identified as Tax Map Key No. (4)5-8-009:051 (the Property).  Diamond and Blair are residents of Kaua'i and reside near the Property.  Diamond and Blair both use the beach, public resources, and the shoreline area in close proximity to the Property.

Dobbin hired WESI to survey the Property and on January 11, 2008, WESI submitted the application to the Department of Land and Natural Resources (DLNR) for shoreline certification.  On April 18, 2008, DLNR and the State Land Surveyor (State Surveyor) conducted a site visit of the Property.  Based on that site visit, the State Surveyor recommended that "the State of Hawaii should have no objections to adopting the dune crest as the shoreline as delineated on the map, prepared by [WESI], Licensed Professional Land Surveyor."

On June 27, 2008, Diamond and Blair filed an appeal with BLNR contesting the proposed shoreline for the Property.  On June 19, 2009, BLNR issued its "Findings of Facts, Conclusions of Law, and Decision and Order" (BLNR D&O) approving the proposed shoreline boundary and denying Diamond and Blair's appeal.  On June 25, 2009, the proposed certified shoreline map was finalized.

On July 20, 2009, Diamond and Blair filed a notice of appeal with the circuit court.  On April 6, 2010, the circuit court entered its "Findings of Fact; Conclusions of Law; Decision and Order" (April 6, 2010 D&O), which vacated the BLNR D&O and

3

remanded the matter back to BLNR.  On May 19, 2010, the circuit court entered judgment.  Appellants appealed to this court and BLNR cross-appealed in 30573.

On remand, BLNR issued its BLNR Amended D&O dated May 21, 2010, placing the shoreline in the same location as previously approved by the BLNR.  On February 16, 2011, subsequent to another appeal filed by Diamond and Blair, the circuit court entered its "Findings of Fact; Conclusions of Law; Decision and Order" (February 16, 2011 D&O), reversing and vacating the BLNR Amended D&O.  The circuit court entered judgment on March 31, 2011.  Appellants appealed to this court and BLNR cross-appealed in CAAP-11-345.

## II. STANDARD OF REVIEW

### A. Administrative Agencies

In determining whether an agency determination should be given deference, the standard to be applied is as follows:

> [W]hen reviewing a determination of an administrative agency, we first decide whether the legislature granted the agency discretion to make the determination being reviewed.  If the legislature has granted the agency discretion over a particular matter, then we review the agency's action pursuant to the deferential abuse of discretion standard (bearing in mind that the legislature determines the boundaries of that discretion).  If the legislature has not granted the agency discretion over a particular matter, then the agency's conclusions are subject to de novo review.

*Paul's Electrical Service, Inc. v. Befitel*, 104 Hawai'i 412, 419-20, 91 P.3d 494, 501-[02] (2004).

Olelo:  The Corp. for Cmty. Television v. Office of Info. Practices, 116 Hawai'i 337, 344, 173 P.3d 484, 491 (2007).

### B. Administrative Agency Decisions - Secondary Appeals

Review of a decision made by the circuit court upon its review of an agency's decision is a secondary appeal. In an appeal from a circuit court's review of an administrative decision the appellate court will utilize identical standards applied by the circuit court.  Questions of fact are reviewed under the "clearly erroneous" standard. In contrast, an agency's legal conclusions are freely reviewable.  An agency's interpretation of its rules receives deference unless it is plainly erroneous or inconsistent with the underlying legislative purpose.

Hawaii Teamsters & Allied Workers, Local 996 v. Dep't of Labor & Indus. Relations, 110 Hawai'i 259, 265, 132 P.3d 368, 374 (2006) (internal quotation marks and citations omitted).

## III. DISCUSSION

Appellants and BLNR contend the circuit court abused its discretion in engaging in fact finding and ignoring the deference afforded to agencies with respect to issues of fact. The circuit court held that twenty-three of BLNR's findings of fact from the BLNR Amended D&O were "clearly erroneous in view of the reliable, probative and substantial evidence on the whole record[.]" Appellants argue that the circuit court's "review of the findings of fact contained in the [BLNR Amended D&O] consisted of the circuit court's wholesale dismissal of the [BLNR's] findings of fact and the insertion of its own findings of fact based on the circuit court's own interpretation of the evidence."

The Hawai'i Supreme Court has held that courts are free to reverse an agency decision if affected by an error of law, but, "in deference to the administrative agency's expertise and experience in its particular field, the courts should not substitute their own judgment for that of the administrative agency where mixed questions of fact and law are presented." Camara v. Agsalud, 67 Haw. 212, 216, 685 P.2d 794, 797 (1984). Furthermore, an appellate court's review of an agency decision is "qualified by the principle that the agency's decision carries a presumption of validity and appellant has the heavy burden of making a convincing showing that the decision is invalid because it is unjust and unreasonable in its consequences." Paul v. Dep't of Transp., State of Hawai'i, 115 Hawai'i 416, 425, 168 P.3d 546, 555 (2007).

BLNR's findings of fact are reviewed under the clearly erroneous standard. See Hawaii Teamsters & Allied Workers, Local 996 v. Dep't of Labor & Indus. Relations, 110 Hawai'i 259, 265, 132 P.3d 368, 374 (2006). A finding of fact is "clearly

erroneous when (1) the record lacks substantial evidence to support the finding or determination, or (2) despite substantial evidence to support the finding or determination, the appellate court is left with the definite and firm conviction that a mistake has been made." Del Monte Fresh Produce (Hawaii), Inc. v. Int'l Longshore and Warehouse Union, Local 142, AFL-CIO, 112 Hawai'i 489, 499, 146 P.3d 1066, 1076 (2006) (internal quotation marks omitted) (quoting In re Water Use Permit Applications, 94 Hawai'i 97, 119, 9 P.3d 409, 431 (2000)).

The circuit court's February 16, 2011 D&O demonstrated that it engaged in unwarranted fact finding and weighing of the evidence. Findings of Fact 28 through 40 rely on evidence submitted by Diamond and Blair which support the finding of a shoreline further mauka[2] than the shoreline certified by BLNR. The circuit court found that Diamond and Blair "have both observed and photographed over the recent years that as the winter waves wash on [the Property], the waves push sand and other debris mauka[,]" and the evidence submitted by Diamond and Blair "clearly shows" a shoreline boundary which is further mauka than the boundary approved by BLNR.

Based on the evidence submitted by Diamond and Blair, the circuit court concluded that the

> map of the certified shoreline published on June 8, 2008 and signed by the Chairperson on June 25, 2009 based upon the "conditions existing on December 4, 2007" does not correctly reflect the "upper reaches of the wash of the waves at high tide during the season of the year in which the highest wash of the waves occurs", as provided in HRS §205A-1."

The circuit court further reasoned that

> [t]he BLNR's characterization as either "anecdotal evidence and/or unreliable evidence" with respect to both the detailed Declarations of Cared Diamond, Beau Blair and Barbara Robeson, and the photographs they submitted in support of their appeal is arbitrary, capricious and/or characterized by an abuse of discretion or clearly unwarranted exercise of discretion[.]

_____

[2] In Hawaiian, mauka means inland. Mary Kawena Pukui & Samuel H. Elbert, Hawaiian Dictionary at 242 (1986).

6

BLNR did not disregard the evidence submitted by Diamond and Blair, but instead weighed the strength of Diamond and Blair's evidence against evidence presented by DLNR and the State Surveyor. BLNR found that Blair's "testimony did not refer to specific observations she made of the shoreline, either as to the location of the highest wash of the waves or any dates when these high tides occurred." BLNR found the photographic evidence submitted by Diamond and Blair was either unclear, did not contain an accurate depiction of the waves or high water mark, or did not contain accurate dates on when the photos were taken.

In contrast, BLNR, in the BLNR Amended D&O, found the findings of DLNR and the State Surveyor that were based on the April 18, 2008 site visit, to be persuasive. BLNR, in relying on these findings, found that DLNR and the State Surveyor considered "in their shoreline determination, any pertinent information about the shoreline that is presented by the owner of the subject property and any other member of the public that has personal knowledge and familiarity with the shoreline conditions of the subject property[.]" DLNR and the State Surveyor found the area had "undergone a significant change in the character of its coastal vegetation species distribution. . . . This is having a notable impact on the shape and elevation of the frontal dune as well as the extent of inundation for wash of the waves." BLNR acknowledged that the previous site visit of October 19, 2005, identified a shoreline that was further mauka than the proposed shoreline location. However, BLNR noted that DLNR and the State Surveyor found there was no evidence that the waves had extended to the October 19, 2005 shoreline location in the previous two winters.

In Findings of Fact 27 through 38 and Conclusions of Law 8 and 9 of the April 6, 2010 D&O, the circuit court substituted its own judgment for that of BLNR in weighing the evidence presented to BLNR. BLNR was presented with adequate evidence supporting its ultimate shoreline determination, and as

such, its findings of fact were not clearly erroneous. While it is true that BLNR was presented with evidence showing the shoreline to be further mauka, it was within the discretion of BLNR, relying on its expertise, to weigh all the evidence and make a factual determination. Therefore, the circuit court erred in failing to give proper deference to BLNR's findings of facts in certifying the shoreline boundary.

Additionally, the circuit court erred when it held that

> [t]he BLNR's interpretation of HRS §205A-1, et. seq. that only the "current" year's evidence of the upper reaches of the wash of the waves should be considered in determining the shoreline is arbitrary, capricious and/or characterized by an abuse of discretion or clearly unwarranted exercise of discretion in applying HRS §205A-1, et. seq., as it conflicts with and/or contradicts the purpose and intent of HRS §205A-1, et, seq."

The circuit court's characterization of BLNR's findings as only allowing evidence from the current year to determine the upper reaches of the wave is a misstatement of BLNR's findings. BLNR found "[c]ontrary to [Diamond and Blair's] allegation, the State Surveyor and [DLNR] did incorporate and consider [Diamond and Blair's] historical evidence but determined that the direct evidence from the site visit was more compelling for the purposes of locating the shoreline that is representative of the current conditions." BLNR did not restrict its analysis of the upper reaches of the waves to the current year, but rather, "took into evaluation all relevant factors present on [the Property]."

The BLNR Amended D&O was not contrary to the definition of "shoreline boundary" as defined by HRS § 205A-1:

> the upper reaches of the wash of the waves, other than storm and seismic waves, at high tide during the season of the year in which the highest wash of the waves occurs, usually evidenced by the edge of vegetation growth, or the upper limit of debris left by the wash of the waves.

HRS § 205A-1. The debris line and the line marking the edge of vegetation growth are used as evidence to determine the shoreline, depending on the location and stability of each line. See Diamond v. State, Bd. of Land and Natural Resources, 112 Hawai'i 161, 175, 145 P.3d 704, 718 (2006). BLNR's certification

was not contrary to the definition of shoreline boundary. BLNR properly considered all evidence in determining the highest wash of the waves. The circuit court erred in substituting its judgment for BLNR.

### IV. CONCLUSION

The March 31, 2011 Judgment entered in the Circuit Court of the Fifth Circuit is reversed.

DATED: Honolulu, Hawai'i, August 31, 2012.


On the briefs:

Walton D. Y. Hong
for Defendants-Appellees/
Appellants-Cross-Appellees
Craig Dobbin and Wagner
Engineering Services, Inc.

Donna H. Kalama
Linda L.W. Chow
Deputy Attorneys General
for Defendant-Appellee/
Appellee-Cross-Appellant
Board of Land and Natural
Resources.

Harold Bronstein
for Plaintiffs-Appellants/
Appellees-Cross-Appellees
Caren Diamond and Beau Blair.

Presiding Judge

Associate Judge

Associate Judge